Good morning, may it please the Court. David Frederick of Lionel Sawyer & Collins on behalf of the plaintiff appellant in both of these cases. I should note for the record that the Town Vista's case, in which I am also counsel, was actually taken off the calendar for argument pending settlement. It really wasn't submitted on the brief. I'm sorry, you're right, you're absolutely right. And what is the status of the settlement? At the moment, as I understand it, all of the relevant documentation has been executed. There is a time period that needs to run before the settlement is officially consummated. Because we were, as I recollect, we were informed that dismissal was pending. It – there will be, short of something disrupting that time period, there will be a stipulated dismissal, yes. All right. So just for the record, the panel has retained jurisdiction over that case, and the unlikely event it's not settled and dismissed. That is fine. Thank you, counsel. That is exactly what we contemplate. All right. Thank you, counsel, for correcting the record on that. With respect to the two cases that are on the calendar for argument this morning, over the last two decades at various points in time, and in particular over the last five years, the FDIC, the Federal Deposit Insurance Corporation, has been charged with collecting literally tens of thousands of loans in default that they have become responsible for as a result of failed financial institutions. That collection effort obviously is important to the public nationwide because it funds the deposit insurance program. Excuse me. Counsel, could I ask a question, a little more detailed question? When I read the briefs, it looked obvious that this should be a Federal question case, and I couldn't figure out why we were talking about diversity. But then I looked at the statute at 1819b2a, and it says that when the corporation in any capacity, meaning either in its corporate capacity or its receiver capacity, is a party shall be deemed to arise under the laws of the United States. And it looks to me as though we can't use that because the FDIC is not a party. Is that right so far? With one qualification. It depends upon what you mean by use, and that sounds like an awful political fuse. Can't use that for you to win is what I mean by use. You cannot use it directly for jurisdiction. Let me see if I can explain how you can use it. Oh, I understand the policy perfectly. It's not really just policy. If you look at the case law that is adverse to diversity jurisdiction in this case, it reaches that conclusion by looking at the Federal question statutes before 1989. And it says if we allow diversity in this case, all kinds of cases will get into Federal court that are not brought in or would be kept out by the Federal question. That sounds like a policy argument. It's not a policy argument. It's a statutory interpretation argument. I like policy argument, but the Supreme Court told us we can't use it in this area of jurisdiction. You're absolutely right. And, however, the statutory interpretation argument that we are making is simply this. If the courts in this area and two decisions in particular, the national surety decision and the Elephant decision, are looking at Federal question statutes in order to decide the scope of the diversity jurisdiction statute, our argument is simply do the same thing, but look at those Federal question statutes now. But suppose we do. Suppose we do just what you say. Ignore that other courts looked at it for the point of view, from the point of view of avoiding expanding diversity jurisdiction so those cases can be distinguished. Still, it says is a party. Yes. And the general rule is that unless a Federal court has jurisdiction conferred on it by Congress, it doesn't have it, and the FDIC is not a party. So I still can't see how we can get into subsection 2A. Two answers to that. Number one, that is the Federal question statute. If you look at subsection A, it is the agency jurisdiction statute. And what it says is the FDIC is a Federal agency for purposes of, I believe it is 1345, regardless of who institutes the action. That's a huge expansion over normal agency, but it also, Your Honor, answers your question. You don't have to be a party for the agency jurisdiction statute. Well, why don't you have to be a party where the words here in subsection 2A is a party? Not is a party. Well, it's an agency, yes. But it says here, for the Federal question jurisdiction, it says where the agency, quote, is a party, close quote. For Federal question jurisdiction, you're right. What I am talking about is Federal agency jurisdiction. Okay. Counsel, can you point us to a case that what's the closest case authority you have to support your argument regarding Federal agency authority as opposed to Federal party authority, the distinction you're making? So what case could we look to if we were writing an opinion? What case would we cite to support our premise that there is a separate type of authority under the Federal question jurisdiction statute for Federal agencies? What case would we cite? I will be perfectly frank to tell you I can't answer that question for this reason. I do not know of a case that deals with this particular situation where you have the agency member of a party. So if you're asking me for a case authority that directly answers that question, I don't have it. Well, I'm asking you for a case that talks about the agency jurisdiction concept, that you're not necessarily the specific facts of this case, but that talks about the agency party jurisdiction distinction that you're making. I'm drawing a blank. I'll be quite frank, Your Honor. Let me ask you this question. By urging us to make the distinction between agency party jurisdiction and Federal party jurisdiction, are you ceding that there is no diversity jurisdiction in this case? No, not at all. And let me get to the second reason which answers your question. Your question, Your Honor, about how do you use these various statutes. And that is the, what I call, Romero exception to the complete diversity, which is the problem here that the FDIC creates. Romero exception very succinctly holds. If you have a diversity case, there, and in that diversity case, there is a non-diverse party, but there is a separate basis for Federal jurisdiction over that non-diverse party, then the diversity case can proceed. But that takes you right back to Federal questions jurisdiction. Not, I don't believe it does for this reason. There are, the party problem in this case arises from the fact that the FDIC is a member and under the stateless entity cases, particularly only one that I know of, and that is Swiger from the Third Circuit, a member of an unincorporated entity is sufficient to defeat diversity jurisdiction by way of the complete party diversity requirement. So you have, in a sense, an argument that says the FDIC is enough of a party to defeat complete diversity, but it's not enough of a party to invoke jurisdiction. Romero, though, was holding that a non-diverse party need not be dismissed. Federal questions, you know, again, the FDIC is not a party here. Aren't you asking us to overrule Hancock Financial? No. Two reasons. Number one, Hancock Financial, and I want to make this point for the record so that we do not have a panel on bank problem. Hancock Financial dealt with the FDLIC. The legislative history behind the FDIC is unique to the FDIC. And I want to make it absolutely clear, we tried to do this in the brief, we are talking only about the FDIC here because of that unique legislative history. For all other federal corporations, Hancock is for another day. What is important about Hancock here is Hancock relies on the national security case from Iowa, and that was an FDIC case. I don't, there is no necessity to overrule Hancock, and I want to make that clear for the record. What we're talking about is the change in legislative history behind national surety. But, you know, I'm quoting from Hancock Financial. Quote, because the FSLIC is an agency, an instrumentality of the federal government, it is not a citizen of any particular state for diversity purposes. Now, the FDIC could be substituted for FSLIC, and it's the same point of an agency or instrumentality of the federal government, right? If you, in that one sentence, no question. But I think what you have to do is look at what Hancock looked to when it reached that conclusion. And what it looked to was the national security case. National surety, right. Right. National surety is an FDIC case. No question about that. Right. But what has changed has only changed for the FDIC. So I have no opinion on the question for the FSLIC. I don't see how that helps you. I can see your argument. I can see the step that says it doesn't matter that the FDIC is not a citizen of a state, so it can't get the case into Federal court under diversity jurisdiction if it's a party. And I see your argument. I understand your argument that that nevertheless does not defeat jurisdiction because that one non-diverse party has Federal question jurisdiction. But that seems to take me back to the problem that when Congress gave the FDIC the power to get into Federal court on all its issues, it seems to have limited it to jurisdiction. Now, you have argued that while it may not be a party, it gets in under agency jurisdiction. However, you are, as far as I can tell you, don't have a case that says there is such a thing that's distinguished from the Federal jurisdiction under subsection 2A, and I haven't seen a statute that says that. So maybe you could point. I'm not sure there is such a thing, is what I'm saying. And it seems to me that the FDIC can lobby really effectively. And if it told Congress that it wanted to be able to get in as a party when it was a member of a limited liability company, I'm sure Congress would have said whatever you like. The two statutes in combination, section 18119B1, and then section 1345. B1 says the Corporation, and that refers to the FDIC, in any capacity shall be an agency of the United States for purposes of section 1345 of Title 28 without regard to whether the Corporation commenced the action. Then, 1345 says, except as otherwise provided by an act of Congress, the district court shall have original jurisdiction of all civil action, suits or proceedings commenced by the United States or by any agency or officer thereof expressly or by Congress. That's easy to read, I think. It seems to say it doesn't matter if they're a plaintiff or a defendant, and it doesn't matter if they're acting as receiver or in their corporate capacity, they can still get it into Federal court. The problem here is they're not a plaintiff, they're not a defendant. But notice the last line of B1, regard to, without regard to whether the Corporation commenced the action. That's what I meant. It doesn't say. That says it doesn't matter if they're the plaintiff or the defendant or cross-claimant or a third-party defendant. Notice that neither 1345 nor B1 uses the word party. And that's the whole point. Okay, counsel, you've exceeded your time. We'll give you a minute or two for rebuttal, but we'll hear from the other side at this point. Good morning, Your Honors. Ty Hansen on behalf of the appellees. The lower court dismissed this case for lack of jurisdiction, and it actually got it right. It upheld over 40 years of precedent from this court holding that federally chartered corporations like the FDIC destroy diversity jurisdiction. And what the appellant wants this court to do, just like Judge Gilman noticed, to overturn Hancock. So it's basically Hancock says they destroy diversity. If they can't get in under Federal question, they're out of luck. Absolutely. Judge Kleinfeld, you hit it on the head. This is not a Federal question case. They are not a party. We're not even talking about FREA at this point. They are trying to get this court to establish diversity jurisdiction for the FDIC. The lower court's decision was right for three reasons. Number one, there was no shift in congressional intent under FREA to make the FDIC a citizen of Washington, D.C. Number two, the Ninth Circuit panel's decision in Hancock is still good law today. If we look at Hancock and we apply those facts to FREA, the result is exactly the same. There was no shift in congressional intent. And third, the independent basis analysis that they're talking about is completely inapplicable to this case. Well, could you explain that basis and explain your response to this argument from subsection B-1? Yes. The independent basis that they're talking about under the Romero exception that counsel indicated stands for the fact, the effect that if you have a plaintiff suing, for example, two defendants, and one is non-diverse, and the courts have held to the other defendant who is not, who is non-diverse, if you have an independent basis to go against that defendant, you may get in and you may invoke Federal jurisdiction. But here, the FDIC is not a party, and that is a very important point. I'm sorry, I missed some words. The FDIC is not a party. And when we talk about independent basis, we talk about existing parties. The other problem here is that we don't have any authority to extend independent basis to the members of LLCs. They're taking this even a step further and saying, hey, look, not only are we not talking about a party here, but let's extend it to a member of an LLC. FDIC is not a party. It's a third removed member from the actual party. So because the FDIC is not a party, independent basis is inapplicable. The other reason independent basis is inapplicable is because the members don't have distinct claims to bring. They don't have distinct claims. And that's important because independent basis looks at the actual claims. The FDIC here assigned its claims to the member who assigned it to the appellant. So even if the FDIC were a party, it wouldn't have any claims to bring. And we don't look at independent basis to manufacture claims that cannot exist. So for those reasons, that independent basis analysis, it can't fly. Regarding agency and the 1345 argument, the Sumner Financial case from the Fifth Circuit says that this cannot be the case. You cannot have FREA under 18. Let's talk about the artful pleading doctrine for just a moment. Is there any way that the case could have been pleaded and perhaps should have been pleaded so that the FDIC would be a party? Absolutely no way. And the reason is, Your Honor, is because the FDIC was a member. And it assigned its rights to the appellant so the appellant could bring the claims. The FDIC has no basis to bring the claims at this point. And the FDIC had a choice. Certainly, the FDIC is able to partner with these private entities to handle these thousands and thousands of loans. And what the FDIC chose to do was to offload these loans to a private entity. And quite frankly, ease the tax burden on us. But when the FDIC does that, the FREA does not accommodate the private entity who is now handling those loans on behalf of the FDIC. So, really, the only way- I understand this right. So what you're saying is the whole idea of these private-public partnerships that they have started doing recently is the FDIC doesn't own the paper. And the FDIC doesn't manage the litigation about the paper. So far from being a real party, the real party in interest, it couldn't be a party at all. Exactly. It's basically taken a passive role. And it's not taking the laboring or with the litigation. You're saying they take the bad with the good, which is- Exactly. If they don't own it, they don't manage it. They're not a party. It's just like any other private litigation about loan guarantee. And they don't get the accommodations of FREA because they have nothing to do with it. You know, if they had done the same exact thing, but the private-public entity had been a corporation instead of an LLC, diversity would have existed, right? Because if the FDIC were simply a shareholder of a corporation, then you wouldn't have to look through the many layers like Johnson talks about, right? Correct. Correct, Judge Gilman. It would depend on the citizenship of the corporation, which brings up 1332c1, 12 U.S.C. 1332c1. And you'd look to the citizenship of the corporation, and then you could make a diversity termination. But as you stated, the Johnson case indicates for an LLC, which is the party here, we have to look at every single individual member to determine the citizenship. And in this case, it simply destroys it. And even if we go back and look at congressional intent under FREA, which is what they're trying to argue to make these cases, all we have to do is compare the pre-FREA statute to FREA. And what we realize is that the only change in there that is really applicable to this case was to make the FDIC able to also bring claims in its corporate capacity as a plaintiff. But Congress still, still denied the FDIC the ability to bring claims as a defendant receiver. And that is very important because what that tells us is that FREA is still a statute of limited jurisdictional grant, okay? And what the appellant wants us to do is, is essentially undermine that entire section of FREA because they're saying, okay, well, let's make the FDIC a citizen of Washington, D.C. But if we do that, then the only time there will not be diversity or jurisdiction with the FDIC is when it is adverse to a Washington, D.C. plaintiff. And that's not what Congress intended. Congress said, look, if you're a defendant receiver, you're done. And the only way you get in after that is to go down to subsection E, which is the exception. And there, we even see the FDIC as transparent and stateless because then we look to the failed state bank. And there we determine whether the failed state bank would have had diversity. Under your argument, does this case amount to nothing that has a distinction that makes a difference between this case and a simple, nondiverse bank's collection claim against a loan guarantor? Well, I think the distinction, Your Honor, is that what they're trying to do here is create a brand-new area of law. Wait. I'm trying to get this clear in my mind, and I'd rather not focus on what they're trying to do. Okay. I just want to know, if you were to prevail, does that mean that litigation of this type would simply be ordinary collection by the holder of a note against a guarantor of a loan? That is correct. That is correct. That's exactly what would have happened under these circumstances, is that we would have, let's eliminate the FDIC out of the equation here, and then what we have is a bank, which in this case would be Silver State Bank, litigating against a borrower. And then under those circumstances, we'd have to look to diversity if that was the case. I think it's against a guarantor, isn't it? Exactly. Exactly. So really what they're trying to get at here is when we go down and look at that exception under FREA, they also want to undermine that exception. And I want to give you an example, if I may. If in this particular situation, if we would have had the defendant appellees actually sue the FDIC in its receivership capacity, under the exclusion, the FDIC would not have been able to invoke jurisdiction. It would have been precluded under FREA. And then they would have went, the FDIC, to the exception, and they would have said, okay, well, let's find out if the failed bank here is diverse to actually get us in. And when you look at the failed bank here, it's Nevada domestic, and you would have had Nevada plaintiff against Nevada defendant, and it would have destroyed diversity. What they want here is to say, no, FDIC is Washington, D.C., so who really cares about FREA? Who cares about the exclusion, and who cares about the exception? So they're asking for this court to take this leap based on FREA, but to undermine FREA at the same time. I gather, though, that just like your opponent couldn't, opposing counsel couldn't cite any case directly on point, I gather you have no case from either any court of appeals or the Supreme Court directly on point that has denied diversity jurisdiction to the FDIC under these circumstances. There are cases, and they are the Elephant case, and they are the Sumner Financial case, and those cases are, I believe, from the Fifth and Seventh Circuits, and they specifically deny jurisdiction to the FDIC. Here's the tweak on those cases that I need you to be aware of, so I'm not misrepresenting anything, is that those cases deny the FDIC jurisdiction in its capacity as a plaintiff receiver, okay? So if we look at that under FREA right now. So that's not really germane to the question that Judge Gilman asked you about case authority. It is in this respect, Your Honor, and that's why I want to make this clarification. Those cases deal with the FDIC in its plaintiff receiver capacity, and that, for FREA now, would change. However, if you look at those cases and read through them, the policy when the FDIC is still the defendant receiver is still all the same. But the policy argument is not nearly as persuasive as having a case that directly says that. That is correct, and I think that the parties have it right that this is a matter of first impression here for the courts to determine whether or not FREA implores or confers this status of a Washington, D.C. citizen on the FDIC. Which is the FREA section we should be looking at again? 1819B, and B1 deals with the relation back to 1345, and B2 deals with in any capacity, as Judge Kleinfeld said, a receiver and a defendant or, excuse me, a receiver and corporate, and then B2D is the exclusion and B2E is the exception. Sounds very complicated. It is. Was the Federal question pled in the original proceeding? No. As a matter of fact, in the original proceedings, it was diversity. Diversity was pled, and it was alleged that the FDIC was an entity of, I believe, Delaware or Washington, D.C. So we actually don't have to reach the Federal question issue to resolve this case if it weren't pled below. That is absolutely correct. They alleged below in both cases that are before you today that the FDIC had its local place of business in Washington, D.C., and that it was a citizen of Delaware. They allege diversity jurisdiction, and what we know is that jurisdiction is established at the time of filing. That's when it's established. You're saying they haven't even claimed Federal question jurisdiction, just diversity jurisdiction. No. The way they're trying to get Federal question jurisdiction in is under this independent basis, saying that somehow the FDIC, if we ignore it, would have an independent basis, but we know that it doesn't. They could have sued in State court, and we wouldn't have any problem, would we? They have suits pending in State court right now for all of these cases. Against these same guarantors? Same guarantors. So why are they doing both? That's a good question to ask them, Your Honor. I don't know. I don't know. But they have the suits pending now. Those suits have been stayed pending the resolution of this appeal. The last point I'd like to make, we know that FERIA was established in the midst of the late 1980s and early 1990s under the savings and loan crisis. And the reason that it was established then was because the FDIC was getting beat up. They were paying out a lot of money to these banks that were failing. And Congress wanted to tighten up the regulations, wanted to tighten up the regulations and save the taxpayers some money. Since then, 2005, we have come to the point, starting in 2005, of arguably the greatest recession since the 1920s, the Great Depression. And Congress has been intimately involved in the last five years, intimately. And they have legislated and they have tightened regulations to try to help us. You know what one of the things that they have not done in the last five years? They have not made the FDIC a citizen of Washington, D.C. And I have to presume that the FDIC is supremely important to Congress. And if they really wanted the FDIC to be a citizen of Washington, D.C., they would do it. What appellants are asking you today is to overturn Hancock. They want you to do that. They also want you to undermine FREA and ignore the state law exclusion as well as the state law exception. And not only that, but they want you to ignore this court's precedent. It was a panel decision, Hancock, that is published, that is relied on. And this play on words between exception and modification, look, if we change Hancock, it's still a reversal if we provide an exception for the FDIC. We would ask that you uphold the lower court's decision, which in turn actually upholds the lower court's decision in Colorado, in Georgia, and North Carolina, who have all dealt with the same exact issue and found the same. Thank you, counsel. Thank you. We'll give you two minutes for rebuttal, counsel. Three quick points. First of all, in answer to your question, why are we suing in both federal and state court, in a vernacular, we're here today. There is a savings statute in Nevada that allows commencement of actions that have been dismissed for lack of subject matter jurisdiction. We've taken advantage of that savings statute in bringing actions in state court. Second thing is, with respect to this notion of not really free and not really changing things, the reliance is placed upon the notion that receiver actions with the FDIC as a defendant are still out of federal court. Bluntly put, that's flat wrong. They added the words, in any capacity, to eliminate that exclusion of receiver things. In addition to that, they greatly expanded the conditions and limitations on the exceptions portion, which preserves state actions. And those exceptions are clearly not applicable here for two reasons. Number one, it only applies to actions involving or against and involving the rights of depositors, stockholders, et cetera, with respect to the original state bank, not the loans that the FDIC has acquired. And more importantly than that, it only applies where only state law issues are involved. There are a great many federal law issues involved with the collection of these loans having to do with state law limitations in Nevada on the collection of those loans. And those federal law issues would clearly take that exception out of play. Third thing is this. The counsel closed his remarks by talking about Congress having not made the FDIC a citizen of the District of Columbia. Congress doesn't do that. The FDIC does it in the sense that the FDIC is domiciled because that's where its principal place of business is. And under the statutory language of 1332 C and E, that's all you need. Keep in mind. Kennedy, is it true that you're presenting this just as a diversity question and need not have us decide upon Federal question jurisdiction? Only in this sense. We did not allege diversity jurisdiction. So, Judge, you're right. You didn't allege Federal question jurisdiction. Federal question jurisdiction. I'm sorry.  It's recognized in the district court decisions below. There was an allegation about the FDIC being a citizen of Delaware. It is not. It is a federally chartered corporation. And the decisions below were rendered on that basis. But it also has its principal place of business in the District of Columbia. And 1332 C or E, there is no exception for federally chartered corporations. Those exceptions are judicial creations. Entirely. Counsel, you have exceeded your time. Could you wrap up, please? Thank you, Your Honor. The reason why we are here is twofold. Number one, those judicial exceptions that I mentioned are predicated upon the notion that if you grant diversity jurisdiction, you will be allowing suits that Federal question jurisdiction doesn't allow. That assumption is no longer true. It hasn't been true since 1989. The second reason we are here is because of the fact that the stateless entity cases or stateless noncitizenship cases deal with an entirely different circumstance. They're dealing with individuals. Thank you, counsel. Thank you to both counsel. The cases just argued are submitted for decision by the Court.
judges: Kleinfeld, Gilman, Rawlinson